## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:21-CV-164-LRH-CLB |
| Plaintiff, | **Default Judgment of Forfeiture and Final Judgment of Forfeiture** |
| v. | |
| Colt Government Pistol CAL:45 SN:SCGA5964; Smith & Wesson 686 Revolver CAL:357 SN:DMV6333; Smith & Wesson 327 Revolver CAL:357 SN:SWT1716; Henry Repeating Rifle Company H006M Big Boy Rifle CAL:357 SN:BB0028142M; Glock Inc. Unknown Type Receiver/Frame CAL:Unknown SN:GKX284; Glock Inc. Unknown Type Receiver/Frame CAL:Unknown SN:BGCZ005; Glock Inc. Unknown Type Receiver/Frame CAL:Unknown SN:BGCZ066; Ruger 10/22 Rifle CAL:22 SN:0015-69115; Ruger 10/22 Rifle CAL:22 SN:829-86210; Arsenal Co. Bulgaria SLR-107R Rifle CAL:762 SN:AE602439; Arsenal Co. Bulgaria SAM7SF Rifle CAL:762 SN:XM532032; Benelli, S. PA M4 Shotgun CAL:12 SN:Y113310P19; and Mossberg 590 Shotgun CAL:12 SN:V0599900, | |
| Defendant. | |

**I.   FACTS**

The Gun Control Act (GCA), 18 U.S.C. § 922(a)(6), makes it unlawful for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a . . . licensed dealer . . . knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false,

> fictitious, or misrepresented identification, intended or likely to deceive such . . . dealer . . . with respect to any fact material to the lawfulness of the sale . . . of such firearm under the provisions of this chapter.

The GCA, 18 U.S.C. § 922(b)(3), generally prohibits a Federal Firearms Licensee from selling a firearm to an individual who the Federal Firearms Licensee knows or has reasonable cause to know does not reside in the state where the Federal Firearms Licensee's place of business is located. *See also* 27 C.F.R. § 478.99(a) ("A . . . licensed dealer . . . shall not sell or deliver any firearm to any person . . . who the licensee knows or has reasonable cause to believe does not reside in . . . the State in which the licensee's place of business or activity is located.").

The GCA, 18 U.S.C. § 923(g)(1)(A), requires Federal Firearms Licensees to maintain records of sale for a period, and in such a form, as required by federal regulations.

The Code of Federal Regulations, 27 C.F.R. § 478.124(a), requires a Federal Firearms Licensee to record any firearm transfer to a non-licensee on a Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Form 4473. The regulation mandates that the Federal Firearms Licensee obtain a completed Form 4473 from the transferee that shows, among other requirements, the transferee's "residence address" and "State of residence." 27 C.F.R. § 478.124(c)(1) and (d). A Federal Firearms Licensee also must verify the transferee's identity with an "identification document." 27 C.F.R. § 478.124(c)(3)(i). To qualify as an "identification document," the paperwork provided by the transferee must show, among other requirements, the transferee's "residence address." 27 C.F.R. § 478.11.

For purposes of submitting forms to be used by ATF, "[s]tate of residence," which is a term that appears on a Form 4473, is defined to mean, in relevant part: "The State in which an individual resides. An individual resides in a State if he is or she is present in the State with the intention of making a home in that state." 27 C.F.R. § 478.11. The regulation explains that an individual may be a resident of more than one state if he or she maintains a home in each state, but the individual is only deemed a resident of each state during the time that he or she actually resides there. *See id.*

/ / /

The GCA subjects to forfeiture any firearm involved in a knowing violation of the GCA or the C.F.R. provisions promulgated under the GCA. 18 U.S.C. § 924(d)(1).

On July 30, 2020, Ares Papageorge (Papageorge) completed a Form 4473 at Guns N Ammo, a Federal Firearms Licensee in Gardnerville, Nevada, for the purchase of four of the subject firearms.

  a. On the Form 4473, Papageorge listed as his current address and state of residence the following: "9620 W Russell Rd, Las Vegas, Clark County, NV 89148" (the Las Vegas address).
  b. Papageorge did not take any of the firearms into physical custody in July 2020 during his visit to Guns N Ammo.

The Form 4473 was only valid for thirty days, and Papageorge returned to Guns N Ammo on September 23, 2020, to fill out renewed and additional Form 4473s.

  a. These Form 4473s listed all of the subject firearms.
  b. On these Form 4473s, Papageorge again listed the Las Vegas address as his current residence address.

The firearms were primarily purchased from out-of-state vendors and sent to Guns N Ammo for Papageorge to take into physical custody after completing the transactions via the Form 4473s.

  a. Gardnerville is located in northern Nevada, just south of Carson City and on the border with northern California.
  b. In total, the firearms came from vendors in ten states.
  c. One firearm was purchased from Spartan Arms—a Federal Firearms Licensee in Las Vegas, Nevada—and sent to Guns N Ammo for Papageorge to take into physical custody.

On September 1, 2020, Guns N Ammo contacted ATF about Papageorge's transactions. Guns N Ammo advised ATF that the transactions were suspicious, because, among other reasons, the subject firearms had started to arrive in early 2020 and Papageorge had still not taken physical custody of them.

3

An ATF Task Force Officer (TFO) was assigned to the case.

During the investigation, the ATF TFO discovered numerous pieces of evidence that Papageorge had falsified his address on the Form 4473s and was, therefore, illegally purchasing the firearms.

    a. This evidence entailed records from state departments of motor vehicles.

        i. Nevada Department of Motor Vehicles records revealed that Papageorge had obtained a Nevada driver's license in October 2019. The license, which was reissued in December 2020, listed apartment number 1108 at the Las Vegas address.

        ii. California Department of Motor Vehicles records revealed that Papageorge had a California driver's license. Papageorge had most-recently applied for the driver's license in August 2019. The driver's license had expired in October 2020. The address that Papageorge listed with the California Department of Motor Vehicles was "552 47th Ave, San Francisco, CA 94121" (the San Francisco address).

        iii. The active period for Papageorge's California driver's license overlapped with that of Papageorge's Nevada driver's license. This period included July 2020 and September 2020, when he had completed and signed the Form 4473s.

    b. This evidence entailed statements from people knowledgeable about the Las Vegas address.

        i. The ATF TFO reached out to the leasing company that owned and managed the apartment at the Las Vegas address. A representative of the leasing company advised that the company had no record of Papageorge being a bona fide resident at the listed apartment or elsewhere on the property.

/ / /

/ / /

  ii. The ATF TFO reached out to the resident of the apartment at the Las Vegas address. The resident, D.A., provided the following information about Papageorge's relationship to the Las Vegas address:

    1. Papageorge had "asked to stay with [D.A.] for a few weeks to help him out" around October 2019.

    2. As far as D.A. knew, Papageorge had not been employed while staying at the apartment at the Las Vegas address.

    3. Papageorge did not make any financial contributions to D.A. for rent during his stay at the apartment at the Las Vegas address.

    4. D.A. had not given Papageorge permission to use the apartment at the Las Vegas address as a place of residence for the purchase of firearms.

    5. As of February 2021, D.A. was aware that Papageorge lived in San Francisco.

 c. This evidence entailed other government records from California.

  i. Records from the California Employment Development Department revealed that Papageorge had submitted an application to California for employment assistance. The records listed the San Francisco address for Papageorge as of July 1, 2020.

  ii. When Papageorge completed and signed the Form 4473 in July 2020, he listed the Las Vegas address, not the San Francisco address.

ATF seized the following firearms based on Papageorge's knowing falsifications of his residence address on the Form 4473s used to obtain the firearms:

 a. Colt Government Pistol CAL:45 SN:SCGA5964;

 b. Smith & Wesson 686 Revolver CAL:357 SN:DMV6333;

 c. Smith & Wesson 327 Revolver CAL:357 SN:SWT1716;

 d. Henry Repeating Rifle Company H006M Big Boy Rifle CAL:357 SN:BB0028142M;

  e. Glock Inc. Unknown Type Receiver/Frame CAL:Unknown SN:GKX284;

  f. Glock Inc. Unknown Type Receiver/Frame CAL:Unknown SN:BGCZ005;

  g. Glock Inc. Unknown Type Receiver/Frame CAL:Unknown SN:BGCZ066;

  h. Ruger 10/22 Rifle CAL:22 SN:0015-69115;

  i. Ruger 10/22 Rifle CAL:22 SN:829-86210;

  j. Arsenal Co. Bulgaria SLR-107R Rifle CAL:762 SN:AE602439;

  k. Arsenal Co. Bulgaria SAM7SF Rifle CAL:762 SN:XM532032;

  l. Benelli, S. PA M4 Shotgun CAL:12 SN:Y113310P19; and

  m. Mossberg 590 Shotgun CAL:12 SN:V0599900.

In Papageorge's administrative claim, signed under penalty of perjury, he stated that he had "resided in Nevada since November 2019." For support, Papageorge listed his Nevada driver's license number and stated that it had been issued in October 2019. In Papageorge's administrative claim, he continued to list the apartment at the Las Vegas address as his current residence address.

  a. However, as outlined above, ATF's investigation revealed that Papageorge never resided (for purposes of federal law) at the Las Vegas address listed on his Nevada driver's license and the Form 4473s, including at the time when he obtained his Nevada driver's license and at the time when he completed and signed the Form 4473s.

  b. Further, ATF's investigation revealed that Papageorge was using the San Francisco address, for purposes of his California driver's license and employment-benefits application, at the time when he completed and signed the Form 4473 in July 2020.

The thirteen firearms are the entirety of defendant property.

## II. PROCEDURE

On April 8, 2021, the United States filed a verified Complaint for Forfeiture in Rem, ECF No. 1, alleging the Colt Government Pistol CAL:45 SN:SCGA5964; Smith & Wesson 686 Revolver CAL:357 SN:DMV6333; Smith & Wesson 327 Revolver CAL:357

6

SN:SWT1716; Henry Repeating Rifle Company H006M Big Boy Rifle CAL:357 SN:BB0028142M; Glock Inc. Unknown Type Receiver/Frame CAL:Unknown SN:GKX284; Glock Inc. Unknown Type Receiver/Frame CAL:Unknown SN:BGCZ005; Glock Inc. Unknown Type Receiver/Frame CAL:Unknown SN:BGCZ066; Ruger 10/22 Rifle CAL:22 SN:0015-69115; Ruger 10/22 Rifle CAL:22 SN:829-86210; Arsenal Co. Bulgaria SLR-107R Rifle CAL:762 SN:AE602439; Arsenal Co. Bulgaria SAM7SF Rifle CAL:762 SN:XM532032; Benelli, S. PA M4 Shotgun CAL:12 SN:Y113310P19; and Mossberg 590 Shotgun CAL:12 SN:V0599900 (defendant property) are:

  a. any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(a)(6) and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1);

  b. any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 924(a)(1)(A) and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1); and

  c. any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 924(a)(2) and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1).

On May 7, 2021, the Court entered an Order for Summonses and Warrants of Arrest in Rem for the Property and Notice, ECF No. 4, and the Clerk issued the Summonses and Warrants of Arrest in Rem, ECF No. 5.

Pursuant to the Order, ECF No. 4, the following documents were served on the defendant property and all persons or entities who may claim an interest in the defendant property: the Complaint, ECF No. 1, the Order, ECF No. 4, the Summonses and Warrants, ECF No. 5, and the Notice of Complaint for Forfeiture. Notice was published according to law.

Pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions (Fed. R. Civ. P. Supp. Rule) G(5), all persons interested in the defendant property were required to: (1) file a verified claim, setting forth the person's or its

interest in the property, that (a) identified the specific property claimed, (b) identified the claimant and stated the claimant's interest in the property, and (c) was signed by the claimant under penalty of perjury pursuant to 28 U.S.C. § 1746; (2) file the verified claim with the Clerk of the above-entitled Court no later than 35 days after the notice is sent or, if direct notice was not sent, no later than 60 days after the first day of publication on the official internet government forfeiture site, www.forfeiture.gov; (3) file an answer to the Complaint for Forfeiture in Rem or a motion under Rule 12 with the Clerk of the Court, Bruce R. Thompson U.S. Courthouse and Federal Building, 400 South Virginia Street, 3rd Floor, Reno, Nevada 89501, no later than 21 days after filing the verified claim; and (4) serve a copy of the verified claim and the answer at the time of each filing on James A. Blum, Assistant United States Attorney, 501 Las Vegas Boulevard South, Suite 1100, Las Vegas, Nevada 89101. Complaint, ECF No. 1; Order for Summonses and Warrants, ECF No. 4; Summonses and Warrants, ECF No. 5.

      On June 14, 2021, the Bureau of Alcohol, Tobacco, Firearms, and Explosives served the Complaint, the Order for Summonses and Warrants of Arrest in Rem for the Property and Notice, the Summonses and Warrants of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest by executing them on the defendant property. Notice of Filing Take into Custody, ECF No. 6.

      Public notice of the forfeiture action and arrest was given to all persons and entities by publication via the official internet government forfeiture site, www.forfeiture.gov, from May 14, 2021, through June 12, 2021, and from August 7, 2021, through September 5, 2021. Notice of Filing Proof of Publication, ECF Nos. 7-1, p. 5; 9-1, p. 5.

      On June 10, 2021, the United States Attorney's Office served and attempted to serve Ares Papageorge by regular and certified return receipt mail with the Complaint for Forfeiture, the Order for Summonses and Warrants of Arrest, the Summonses and Warrants of Arrest, and the Notice. The regular mail was not returned. The certified mail was returned as unclaimed. Amended Notice of Filing Service of Process – Mailing, ECF No. 12-1, p. 3, 6-8, 10-50, 52-55.

On June 10, 2021, the United States Attorney's Office served and attempted to serve Isaac Safier, Counsel for Ares Papageorge, by regular and certified return receipt mail with the Complaint for Forfeiture, the Order for Summonses and Warrants of Arrest, the Summonses and Warrants of Arrest, and the Notice. The status of the certified mail is unknown as the post office has the document listed as in transit. Neither mailing was returned. Amended Notice of Filing Service of Process – Mailing, ECF No. 12-1, p. 3, 6-8, 10-50, 56-60.

On June 10, 2021, the United States Attorney's Office attempted to serve Guns N Stuff by regular and certified return receipt mail with the Complaint for Forfeiture, the Order for Summonses and Warrants of Arrest, the Summonses and Warrants of Arrest, and the Notice. The regular and certified mail were both returned as unable to forward. Amended Notice of Filing Service of Process – Mailing, ECF No. 12-1, p. 3, 6-8, 10-50, 61-65.

On August 5, 2021, the United States Attorney's Office served Guns N Ammo or Guns & Arrow by regular and certified return receipt mail with the Complaint for Forfeiture, the Order for Summonses and Warrants of Arrest, the Summonses and Warrants of Arrest, and the Notice. Amended Notice of Filing Service of Process – Mailing, ECF No. 12-1, p. 4, 6-8, 10-50, 66-69.

No person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C. § 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

On October 25, 2021, the United States filed a Motion for Entry of Clerk's Default against the defendant property; Ares Papageorge; Guns N Stuff; Guns N Ammo or Guns & Arrow; and all persons or entities who may claim an interest in the property in the above-entitled action. Motion for Entry of Clerk's Default, ECF No. 10.

On November 15, 2021, the Clerk of the Court entered a Default against the defendant property; Ares Papageorge; Guns N Stuff; Guns N Ammo or Guns & Arrow; and all persons or entities who may claim an interest in the property in the above-entitled action. Entry of Clerk's Default, ECF No. 11.

Ares Papageorge is not in the military service within the purview of the Servicemembers Civil Relief Act of 2003. Exhibit 1.

Ares Papageorge is neither a minor nor an incompetent person.

### III. The Requirements for Default were met.

#### A. Legal Standard

Civil forfeiture cases have five requirements that must be fulfilled to complete a default: (1) the judgment sought does not differ in kind from, or exceed in amount, what is demanded in the pleadings pursuant to Fed. R. Civ. P. 54(c); (2) the Clerk of the Court has entered default for a sum certain pursuant to Fed. R. Civ. P. 55(b)(1); (3) publication and personal service were completed pursuant to Fed. R. Civ. P. Supp. Rule G(4); (4) the Complaint is legally sufficient to support a reasonable belief that the government will be able to meet its burden of proof pursuant to Fed. R. Civ. P. Supp. Rule G(2), *Alan Neuman Prods., Inc. v. Albright,* 862 F.2d 1388, 1392 (9th Cir. 1988); and (5) no person has filed a claim, or the claim(s) have been resolved under 18 U.S.C. § 983(a)(4)(A) or Supp. R. G(5).

Civil cases that do not directly address forfeiture have seven factors that the Court must consider before entry of default: (1) the substantive merit of the plaintiff's claims; (2) the sufficiency of the complaint; (3) the amount of money at stake; (4) the possibility of prejudice to the plaintiff if relief is denied; (5) the possibility of disputes to any material facts in the case; (6) whether default resulted from excusable neglect; and (7) the public policy favoring resolution of cases on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *SATA GmbH & Co. KG v. USA Italco Int'l Ltd.*, No. 3:18-CV-00351-MMD-WGC, 2019 WL 4601513, at *3 (D. Nev. Sept. 20, 2019); *Covenant Care California, LLC v. Shirk*, No. 217CV00956JADVCF, 2018 WL 3429669, at *1 (D. Nev. July 16, 2018).

For purposes of a default judgment, the well-pled allegations of a complaint are taken as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 918 (9th Cir. 1987). Furthermore, upon default, the defendant's liability is conclusively established and the factual allegations in the complaint, except those relating to damages, are accepted as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The power to grant or deny

relief upon an application for default judgment is within the discretion of the Court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

### B. The Forfeiture Requirements for Default Were Met.

#### a. Judgment Sought

Pursuant to Fed. R. Civ. P. 54(c) and 55(b), the judgment by default does not "differ in kind from, or exceed [the] amount" of relief listed in the Complaint for forfeiture.

#### b. Default and Entry of Default

As shown above, the United States requested entry of Clerk's Default against the defendant property, Ares Papageorge, Guns N Stuff, Guns N Ammo or Guns & Arrow, and all persons or entities who may claim an interest in the defendant property in the above-entitled action. ECF No. 10. The Clerk entered the Default as requested. ECF No. 11.

#### c. Notice

Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(a)(iv)(C), the United States published notice via the official internet government forfeiture site, www.forfeiture.gov, for thirty consecutive days. ECF Nos. 7, 9. Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(b), the United States served the Complaint, the Order for Summonses and Warrants of Arrest in Rem for the Property and Notice, the Summonses and Warrants of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on all known potential claimants. ECF No. 8.

#### d. Legal Sufficiency of the Complaint

The Complaint filed in this action was verified. The Court has subject matter jurisdiction, in rem jurisdiction over the defendant property, and venue. The Complaint described the property with reasonable particularity. The Complaint stated where the seizure of the defendant property occurred and its current location. The Complaint identified the statute under which the forfeiture action has been brought. The Complaint alleged sufficiently detailed facts to support a reasonable belief that the United States would be able to meet its burden of proof at trial. Supp. R. G(2); ECF No. 1.

e. Status of Potential Claimants

No person or entity has filed a claim, and the time to file a claim has passed.

**C. The Civil Requirements for Default Were Met.**

a. The Plaintiff Would be Prejudiced Without a Judgment

The government would be prejudiced if it were to try this case rather than obtain a default judgment, since a trial would require the additional expenditure of human and financial resources. These expenses and efforts are unnecessary because the Complaint established sufficient evidence of the status and forfeitability of the defendant property, and that evidence is uncontested by Ares Papageorge, Guns N Stuff, and Guns N Ammo or Guns & Arrow. *See United States v. $150,990.00 in U.S. Currency*, No. 2-12-CV-01014-JAD, 2014 WL 6065815, at *2 (D. Nev. Nov. 10, 2014) (brackets added), ("[T]he government would be prejudiced by having to expend additional resources litigating an action that appears to be uncontested. This factor favors default judgment.").

b. & c. The Plaintiff's Claims are Meritorious and the Complaint is Sufficient.

As shown in the statement of the case above, the government has a bona fide case against the defendant property and the Complaint sufficiently alleges the facts of the case.

d. The Amount of Money at Stake

The value of the defendant property was clearly established in the Complaint, ECF No. 1, and the defendant property is forfeitable pursuant to 21 U.S.C. § 881(a)(6).

> Under the fourth *Eitel* factor, the court considers the amount of money at stake in relation to the seriousness of Defendants' conduct. Plaintiff has provided evidence that the currency, a sum of $24,000, was furnished or intended to be furnished in exchange for marijuana, a serious violation of federal law.
>
> *United States v. Twenty-Four Thousand Dollars ($24,000) in U.S. Currency*, No. 02:09-CV-2319-LRH, 2010 WL 2695637, at *3 (D. Nev. July 2, 2010) (quotation marks and citation omitted).

The Complaint alleges the serious crime of making false statements in procuring a firearm.

/ / /

12

  e. <u>There Are No Possible Disputes of Material Fact</u>

No issues of material fact exist, and the allegations of the Complaint are established as a matter of law. The property is subject to forfeiture because law enforcement can demonstrate that the defendant property is:

  i. any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(a)(6) and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1);

  ii. any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 924(a)(1)(A) and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1); and

  iii. any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 924(a)(2) and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1).

  f. <u>Default Was Not the Result of Excusable Neglect</u>

The record shows that the potential claimants were properly served with the Complaint, Order, Summonses and Warrants, and the Notice and failed to file a claim and answer to the Complaint. There is no evidence of excusable neglect.

  g. <u>Public Policy Does not Prevent Default Judgment</u>

Under Fed. R. Civ. P. 55(b), default judgments are allowed. Here, the potential claimants did not file a claim and an answer to the government's Complaint.

> While the Federal Rules do favor decisions on the merits, they also frequently permit termination of cases before the court reaches the merits. As F.R.C.P. 55 indicates, one such instance is when a party fails to defend against an action, which is exactly what [claimant(s)] failed to do in this case. Thus, the preference to decide cases on the merits does not preclude a court from granting default judgment.
>
> *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996).

Denying the government's Motion would not further public policy. While cases should be decided on the merits when possible, the potential claimants have not contested the facts of the Complaint or the forfeiture of the defendant property, which makes a decision on the

13

merits impractical. Therefore, a final default judgment of forfeiture is appropriate. *See Covenant Care California*, 2018 WL 3429669, at *2.

**IV.    Judgment**

Based on the foregoing this Court finds that the United States has shown its entitlement to a Default Judgment of Forfeiture as to Ares Papageorge, Guns N Stuff, Guns N Ammo or Guns & Arrow, and all persons or entities who may claim an interest in the defendant property and Final Judgment of Forfeiture as to the Colt Government Pistol CAL:45 SN:SCGA5964; Smith & Wesson 686 Revolver CAL:357 SN:DMV6333; Smith & Wesson 327 Revolver CAL:357 SN:SWT1716; Henry Repeating Rifle Company H006M Big Boy Rifle CAL:357 SN:BB0028142M; Glock Inc. Unknown Type Receiver/Frame CAL:Unknown SN:GKX284; Glock Inc. Unknown Type Receiver/Frame CAL:Unknown SN:BGCZ005; Glock Inc. Unknown Type Receiver/Frame CAL:Unknown SN:BGCZ066; Ruger 10/22 Rifle CAL:22 SN:0015-69115; Ruger 10/22 Rifle CAL:22 SN:829-86210; Arsenal Co. Bulgaria SLR-107R Rifle CAL:762 SN:AE602439; Arsenal Co. Bulgaria SAM7SF Rifle CAL:762 SN:XM532032; Benelli, S. PA M4 Shotgun CAL:12 SN:Y113310P19; and Mossberg 590 Shotgun CAL:12 SN:V0599900.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture is entered against Ares Papageorge, Guns N Stuff, Guns N Ammo or Guns & Arrow, and all persons or entities who may claim an interest in the defendant property in the above-entitled action.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Final Judgment of Forfeiture is entered against the Colt Government Pistol CAL:45 SN:SCGA5964; Smith & Wesson 686 Revolver CAL:357 SN:DMV6333; Smith & Wesson 327 Revolver CAL:357 SN:SWT1716; Henry Repeating Rifle Company H006M Big Boy Rifle CAL:357 SN:BB0028142M; Glock Inc. Unknown Type Receiver/Frame CAL:Unknown SN:GKX284; Glock Inc. Unknown Type Receiver/Frame CAL:Unknown SN:BGCZ005; Glock Inc. Unknown Type Receiver/Frame CAL:Unknown SN:BGCZ066; Ruger 10/22 Rifle CAL:22 SN:0015-69115; Ruger 10/22 Rifle CAL:22

SN:829-86210; Arsenal Co. Bulgaria SLR-107R Rifle CAL:762 SN:AE602439; Arsenal Co. Bulgaria SAM7SF Rifle CAL:762 SN:XM532032; Benelli, S. PA M4 Shotgun CAL:12 SN:Y113310P19; and Mossberg 590 Shotgun CAL:12 SN:V0599900.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the defendant property be, and the same is hereby forfeited to the United States of America, and no possessory rights, ownership rights, and no rights, titles, or interests in the property shall exist in any other party.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that Ares Papageorge, Guns N Stuff, and Guns N Ammo or Guns & Arrow forfeited all possessory rights, ownership rights, and all rights, titles, or interests in the property to the United States.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure or arrest of the defendant property.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

DATED:   January 19, 2022